**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JONATHAN L. MACKSON, Plaintiff, v. HINTON et al., Defendants. | Case No. CV 20-4633-JLS (JPR) ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO STATE CLAIM |

On May 22, 2020, Plaintiff filed this civil-rights action pro se. On July 22, 2020, the Magistrate Judge dismissed the Complaint for failure to state a claim but with leave to amend, warning Plaintiff in bold letters that if he failed to file a timely amended complaint the Court “may dismiss” his lawsuit for the reasons stated in the order and for failure to prosecute.

Plaintiff’s amended complaint was due August 19, 2020. When he didn’t file one or request an extension of time, on September 18, 2020, the Magistrate Judge directed the Clerk to re-serve the July 22 dismissal order on him at the address listed for him on the Los Angeles County Sheriff Department’s inmate-locator website even though the dismissal order had not

been returned as undeliverable. The Magistrate Judge reminded Plaintiff that he must immediately file a notice of change of address upon being transferred to a different facility or acquiring a new mailing address and that if he failed to do so his lawsuit would be subject to dismissal on that basis alone. Plaintiff has not responded to the September 18 order, which also wasn’t returned as undeliverable, and he still hasn’t filed an amended complaint or requested an extension of time.

Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a plaintiff’s lawsuit for failure to prosecute. See also Link v. Wabash R.R., 370 U.S. 626, 629–30 (1962) (“The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.”).

In deciding whether to dismiss a lawsuit for failure to prosecute, a court must consider “(1) the public’s interest in expeditious resolution of litigation; (2) the court’s need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions.” Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendant that can be overcome only with an affirmative showing of just cause by the plaintiff. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. In particular, Plaintiff has

offered no explanation for his failure to file an amended complaint and hasn't communicated with the Court since shortly after filing the Complaint. Thus, he has not rebutted the presumption of prejudice to Defendants. No less drastic sanction is available, as the Complaint cannot be ordered served because it fails to state a claim; as a result, the Court is unable to manage its docket. See Baskett v. Quinn, 225 F. App'x 639, 640 (9th Cir. 2007) (upholding dismissal of pro se civil-rights action for failure to state claim or timely file amended complaint). Although the fourth Carey factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits.

Accordingly, this action is dismissed for failure to prosecute and failure to state a claim.

DATED: January 1, 2021

JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

Presented by:

Jean P. Rosenbluth
U.S. Magistrate Judge